NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MICHAEL PAUL McDANIEL, | | |
| Plaintiff, | | Civ. No. 09-2644 (DRD) |
| v. | | **O P I N I O N** |
| CORRECTIONAL MEDICAL SERVICES, INC., ET AL. | | |
| Defendants. | | |

**DEBEVOISE, Senior District Judge**

This matter comes before the Court on a motion by Defendant Correctional Medical

Services, Inc. ("CMS") to dismiss the claims asserted against it by Plaintiff Michael Paul

McDaniel. On July 11, 2008, Mr. McDaniel, an incarcerated prisoner, filed a Complaint in the

Superior Court of New Jersey for Middlesex County alleging that CMS and Co-Defendant

University of Medicine and Dentistry of New Jersey ("UMDNJ") violated his rights under the

8th and 14th Amendments by discontinuing his prescription to two painkillers and one

psychotropic medication that he alleges were essential to the maintenance of his mental health.

CMS was apparently not served with the Complaint, and contends that it first learned of the

dispute on May 5, 2009, when it was served with a copy of UMDNJ's Answer. Due to the

federal nature of Plaintiff's claims, CMS removed to this Court on June 1, 2009.

In the pending motion, CMS argues that Mr. McDaniel's claims against it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons set forth below, the Court agrees.  Mr. McDaniel's claims against CMS, UMDNJ, and Dr. Yuri Mazur will be dismissed without prejudice.  Mr. McDaniel will be granted leave to amend and reassert those claims within 30 days of the issuance of this ruling.

## I.  BACKGROUND

Mr. McDaniel's Complaint contains three seemingly-unrelated counts.  The first asserts claims against a correctional officer for allegedly seizing Mr. McDaniel's typewriter and using it to forge documents, while the third count contains allegations that various parole hearing officers discriminated against Mr. McDaniel by refusing to allow him to introduce certain evidence at parole hearings due to some sort of unspecified racial animus.  Because CMS is named only in second count of the Complaint and no other defendant has moved to dismiss, the sufficiency of Mr. McDaniel's allegations in the other two counts is not before the Court and will not be addressed by today's ruling.

In the second count of his Complaint, Mr. McDaniel alleges that CMS, UMDNJ, and Dr. Yuri Mazur:

> [I]nappropriately removed two painkillers and one psychotropic medication away from me in conjunction with this matter, causing my mental health to diminish and permitting me to suffer in pain without my painkillers to alleviate such pain without clear and convincing evidence.  Health professionals are obligated to use medicine when a patient really needs it to be properly treated and cared for as handed down in U.S. Supreme Court Estelle v. Gamble[, 429 U.S. 97 (1976)].  A patient such as myself with permanent mental health and physical injuries should have access to modern day medications, techniques, and treatments, and should be governed by the Americans with Disabilities Act[, 42 U.S.C. § 1201, et seq.,] and Rehabilitation Act[,29 U.S.C. § 791, et seq.]
>
> These above three defendants took an oath to treat and alleviate any pain and suffering and contrary to this oath they have violated Plaintiff's 8th and 14th Amendments.

On the basis of those allegations, Mr. McDaniel requests $3 million in damages from Dr. Mazur, $7 million in damages from CMS, and injunctive relief ordering CMS and UMDNJ to restore his medications.

## II. DISCUSSION

CMS argues that the claims asserted against it must be dismissed because Mr. McDaniel's factual allegations are insufficient to state a cognizable claim. With respect to the specific causes of action asserted in the Complaint, the company argues that any claim premised on 42 U.S.C. § 1983[1] must fail due to the fact that Mr. McDaniel has made no allegations that CMS promulgated a policy that violated his constitutional rights or that any CMS employee acted with deliberate indifference – as opposed to simply negligence – to his medical needs. Similarly, the company contends that Mr. McDaniel's 14th Amendment claims must be dismissed because he has failed to allege that his treatment violated the rights to equal protection and due process contained in that Amendment. Finally, CMS argues that Mr. McDaniel's request for injunctive relief must be denied as moot because the company no longer provides medical care for the prisoners in the facility where he is incarcerated, and is therefore without the power to reinstate his medications.

As discussed below, the Court finds that Mr. McDaniel's Complaint does not include sufficient factual allegations to state a claim for relief that is plausible on its face. Therefore, the claims against CMS, UMDNJ, and Dr. Mazur will be dismissed without prejudice, and Mr. McDaniel will be granted leave to amend and reassert those claims within 30 days. Because the Court finds that Mr. McDaniel's Complaint lacks the requisite specificity to state a legally-

---

[1] Mr. McDaniel did not specify the statutory bases for his suit, and it is unclear whether he meant to assert causes of action under 42 U.S.C. § 1983 or traditional medical malpractice claims. Because Mr. McDaniel is proceeding pro se, the Court will construe his Complaint broadly as pursuing both § 1983 and medical malpractice causes of action.

cognizable claim against any of the three aforementioned Defendants, CMS's specific arguments

relating to the 42 U.S.C. § 1983 and 14th Amendment claims need not be addressed.

## A.  Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for

failure to state a claim upon which relief can be granted.  When considering a Rule 12(b)(6)

motion, the court must accept the factual allegations in the complaint as true and draw all

reasonable inferences in favor of the plaintiff.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902,

906 (3d Cir. 1997).  The court's inquiry, however, "is not whether plaintiffs will ultimately

prevail in a trial on the merits, but whether they should be afforded an opportunity to offer

evidence in support of their claims."  In re Rockefeller Ctr. Prop., Inc., 311 F.3d 198, 215 (3d

Cir. 2002).

The Supreme Court recently clarified the Rule 12(b)(6) standard in two cases: Ashcroft v.

Iqbal, 129 S. Ct. 1937 (2009), and Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007).

The decisions in those cases abrogated the rule established in Conley v. Gibson, 355 U.S. 41, 45-

46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would

entitle him to relief."  In contrast, Bell Atlantic, 550 U.S. at 545, held that "[f]actual allegations

must be enough to raise a right to relief above the speculative level."  Thus, the assertions in the

complaint must be enough to "state a claim to relief that is plausible on its face," id. at 570,

meaning that the facts alleged "allow[] the court to draw the reasonable inference that the

defendant is liable for the conduct alleged."  Iqbal, 129 S. Ct. at 1949; see also, Phillips v.

County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008) (In order to survive a motion to

dismiss, the factual allegations in a complaint must "raise a reasonable expectation that discovery

will reveal evidence of the necessary element," thereby justifying the advancement of "the case beyond the pleadings to the next stage of litigation.").

When assessing the sufficiency of a complaint, the Court must distinguish factual contentions – which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted – from "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 129 S. Ct. at 1949. Although for the purposes of a motion to dismiss the Court must assume the veracity of the facts asserted in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 1950. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

**B. Mr. McDaniel's Complaint**

In light of the standard discussed above, the Court finds that Mr. McDaniel's Complaint does not include sufficient factual allegations to state a claim for relief that is plausible on its face. Other than asserting that he suffers from "permanent mental health and physical injuries," the Complaint contains no information on Mr. McDaniel's condition that would allow the Court to ascertain whether the medications in question were necessary. Nor does it specify which of the three Defendants named in the second count – Dr. Mazur, CMS, or UMDNJ – was actually responsible for discontinuing treatment of those conditions. Rather, the Complaint simply asserts in a conclusory manner that all three Defendants violated Mr. McDaniel's rights. That contention is not a factual allegation, but rather a conclusion of law, and need not be credited. See Iqbal, 129 S. Ct. at 1950. Thus, the Court is left with no way of telling (1) who allegedly violated Mr. McDaniel's rights, (2) which rights were violated, (3) whether there was a

5

reasonable medical ground for discontinuing the medication at issue, and (4) if not, whether the removal of Mr. McDaniel's medication was the result of deliberate indifference or simple negligence.  In the absence of that information, Mr. McDaniel has failed "to raise a right to relief above the speculative level," Bell Atlantic, 550 U.S. at 545, and the Complaint must be dismissed.

"Ordinarily where a complaint is dismissed on … 'failure to plead with particularity' grounds alone, leave to amend is granted." In re Burlington Coat Factory Litig., 114 F.3d 1410, 1435 (3d Cir. 1997).  A possibly meritorious claim should not be precluded because of a defect in the pleadings, and leave to amend should be granted in cases where a Complaint is dismissed for failure to state a claim unless doing so would be futile. Id. at 1434-35.  Therefore, the Court will grant Mr. McDaniel 30 days to amend his claims against CMS, UMDNJ, and Dr. Mazur, in order to comply with the standards enumerated in Iqbal, 129 S. Ct. at 1949-50.

### III.  CONCLUSION

For the foregoing reasons, CMS's Motion to Dismiss is granted.  Mr. McDaniel's claims against CMS, UMDNJ, and Dr. Mazur are dismissed without prejudice, with leave to amend and reassert those claims within 30 days of this ruling.

The Court will enter an order implementing this opinion.

 **s/ Dickinson R. Debevoise**
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: September 14, 2009